# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO GONZALEZ, <br><br> Plaintiff, <br> v. <br> EJ MORTGAGE, INC., et al., <br><br> Defendant. | Case No. 09cv2812 BTM (RBB) <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Defendants Chase Home Finance, LLC ("Chase"), Citibank, N.A., and EMC Mortgage Corporation (collectively, "Moving Defendants") have filed a Motion to Dismiss the First Amended Complaint [Doc. 8]. For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND[1]

In January 2007, Plaintiff refinanced his home at 5424 Stirrup Way, Oceanside, CA. He borrowed $456,000 and got a $57,000 home equity line of credit, both secured by deeds of trust. Defendant EJ Mortgage was the broker on the deal, and Defendant Southstar Funding was the lender (neither Defendant has appeared). Defendant Quality Loan Service

---

[1] The following are merely allegations in the First Amended Complaint and not the Court's factual findings. Some facts are taken from Defendants' Request for Judicial Notice and the attached loan documents.

1  Corporation is now the trustee under the deed of trust.[2]  And Defendant Chase now services
2  the loan.  Defendant Citibank holds all beneficial interests in the deeds of trust.
3       Plaintiff claims that Defendants violated the law in several ways when they issued him
4  his loans.  He alleges eight causes of action: (1) intentional misrepresentation, (2) fraudulent
5  concealment, (3) breach of fiduciary duty, (4) constructive fraud, (5) quiet title, (6) violation
6  of the Real Estate Settlement Procedures Act ("RESPA"), (7) accounting under RESPA, and
7  (8) violation of the Truth in Lending Act ("TILA").  The Court discusses the factual allegations
8  relevant to each claim below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be accepted as true—not legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

---

[2] Quality Loan has filed a declaration of non-monetary status, to which Plaintiff has not objected.

## III.  DISCUSSION

**A.    Intentional Misrepresentation Claim**

The elements of an intentional misrepresentation claim are (1) a misrepresentation, (2) knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). Intentional misrepresentation must be pled with particularity, and the plaintiff must allege "how, when, where, to whom and by what means the representations were tendered." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996)); *see also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996).

Here, Plaintiff failed to plead the elements of intentional misrepresentation with particularity. Plaintiff alleges that Southstar and EJ Mortgage misrepresented his income on the loan application. But Plaintiff cannot plead reasonable reliance on income figures written by Defendants because he knew or should have known his actual income. Moreover, Plaintiff signed the adjustable rate rider, which stated the monthly payments on the loan. Whatever representations Southstar and EJ Mortgage made about his income on the loan application, Plaintiff knew his income and he signed documents showing that he would have to pay $1,947.50 in interest in each month. He cannot now claim to have relied on misrepresentations which he had the opportunity to review. *See Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App. 4th 938, 958–59 (2008) (no reasonable reliance where aggrieved party had reasonable opportunity to discover terms of contract).

Moreover, Plaintiff does not allege that any of the Moving Defendants made misrepresentations to him. Plaintiff provides no legal support for imputing to them the allegedly tortious conduct of Southstar and EJ Mortgage.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' claim for intentional misrepresentation as against all Defendants.

### B.  Fraudulent Concealment Claim

The elements of fraudulent concealment are "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612 (1992). Actions for fraudulent concealment must be pleaded with particularity. *See Moore*, 96 F.3d at 1245.

Here, Plaintiff alleges that Southstar and EJ Mortgage failed to provide required disclosures to Plaintiff in connection with his loan application. But there are several problems with his claim. First, Plaintiff does not allege that he "would not have acted as he did if he had known of the concealed or suppressed fact." *Id.* Second, Plaintiff does not allege any action by the Moving Defendants in connection with the alleged fraudulent concealment, and provides no support for his belief that they are liable for this claim as assignees of Southstar and EJ Mortgage. And third, he does not plead any facts supporting an inference that Southstar and EJ Mortgage failed to make the proper disclosures with the intent to defraud him. He does not plead exactly who at Southstar and EJ Mortgage failed to make the disclosures with the intent to defraud him.

For these reasons, the Court **DISMISSES without prejudice** Plaintiff's fraudulent concealment claim as against all Defendants.

### C.  Breach of Fiduciary Duty and Constructive Fraud Claims

Plaintiff asserts breach of fiduciary duty and constructive fraud claims against EJ Mortgage only. EJ Mortgage has not appeared and the other Defendants have not moved to dismiss this claim. These claims survive.

### D. Quiet Title Claim

The purpose of a quiet title action is to "establish one's title against adverse claims to real property." *Santos v. Countrywide Home Loans*, No. 09-2642, 2009 WL 3756337 at *4 (E.D. Cal. Nov. 6, 2009).

California law provides that a complaint seeking to quiet title should be verified (which Plaintiffs' complaint is not) and include (1) a description of the property; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against the adverse claims. Cal. Code Civ. Proc. § 761.020(a)-(e).

Most courts have held that an action for quiet title must at least allege that the plaintiff can tender the amount due, and if it does not, the appropriate treatment is to dismiss the action without prejudice. *See Gomez v. Wachovia Mort. Corp.*, No. 09-2111, 2010 WL 291817 at *7 (N.D. Cal. Jan. 19, 2010); *Jozinovich v. JP Morgan Chase Bank*, No. 09-3326, 2010 WL 234895 at *2–3 (N.D. Cal. January 14, 2010); *Valdez v. America's Wholesale Lender*, No. 09-2778, 2009 WL 5114305 at *8 (N.D. Cal. Dec. 18, 2009). If it is manifest that plaintiffs cannot pay what they owe, a quiet title claim can be dismissed *with* prejudice. *See Phillips v. Wells Fargo Bank*, No. 09-CV-1486, 2009 WL 3756698 at *5 (S.D. Cal. Nov. 6, 2009). Plaintiff makes no representations relating to their ability to tender, and his claim for quiet title is therefore **DISMISSED without prejudice** as to all Defendants.

### E. RESPA Claim Under 12 U.S.C. § 2607

Plaintiff asserts that Defendants EJ Mortgage, Southstar, EMC Mortgage, and Chase violated 12 U.S.C. § 2607 by receiving improper kickbacks or fees. The statute of limitations for Plaintiff's claim is one year, starting from the date of the violation. 12 U.S.C. § 2614. The violation allegedly occurred when Plaintiff received his loan in January 2007. Plaintiff filed suit in December 2009, well beyond the one-year limit. He fails to plead facts sufficient to toll this claim, and the Court therefore **DISMISSES without prejudice** this cause of action as against all Defendants.

**F.     RESPA Claim Under 12 U.S.C. § 2605(e)**

Plaintiff alleges that EMC Mortgage and Chase violated RESPA by failing to respond to a Qualified Written Request ("QWR"). He claims he sent a QWR to EMC, but EMC's response did not comply with RESPA. The provision of RESPA at issue provides:

> (e) Duty of loan servicer to respond to borrower inquiries
>
> > (1) Notice of receipt of inquiry
> >
> > > (A) In general
> > >
> > > If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
> > >
> > > (B) Qualified written request
> > >
> > > For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
> > >
> > > > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> > > >
> > > > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.
> >
> > (2) Action with respect to inquiry
> >
> > Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--
> >
> > > . . .
> > >
> > > (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
> > >
> > > > (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
> > > >
> > > > (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide

>>assistance to the borrower; or
>
>>(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>>>(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
>>>(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e). Plaintiff admits that EMC Mortgage responded to the QWR, but claims that EMC "did not fully provide the requested information." But most of the information Plaintiff asked for is not covered by Section 2605(e). The servicer must only respond with (1) reasons why the account is correct or (2) reasons why the information requested is unavailable. *Id.* at § 2605(e)(2). In both case, the servicer must also provide contact information of someone who can assist the borrower. *Id.* Plaintiff's request far exceeds the scope of § 2605(e), and Plaintiff fails to allege that EMC Mortgage did not give reasons why the account is correct, why the information is unavailable, and contact information for someone who can assist the borrower.

Lastly, Plaintiff fails to allege specifically how EMC Mortgage's response to the QWR cause him to actual suffer damages, which is a required element of his claim. *See id.* at §2605(f); *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."). Plaintiff also makes this same RESPA claim against Chase, but he fails to allege that he even sent Chase a QWR. For these reasons, Plaintiff's fails to state a claim against EMC Mortgage and Chase for a RESPA violation.

Plaintiff also seeks an accounting from EMC and Chase. Generally, to state a claim for an accounting, a plaintiff must allege a fiduciary relationship to the defendant and a balance due from the defendant that can only be ascertained by an accounting. 5 Witkin, Cal. Proc. 5th (2008) Pleading § 820. Plaintiff makes neither allegation.

The Court **DISMISSES without prejudice** Plaintiff's § 2605 claim as against all

Defendants.

### G.  TILA Claim

An action for damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, must be brought within one year of the loan execution. 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiff executed the loan documents in January 2007. He filed this suit well beyond the one-year limitations period. Although courts may equitably toll TILA claims "in certain circumstances" such as fraudulent concealment, *King v. State of California*, 784 F.2d 910, 914–15 (9th Cir. 1986), Plaintiffs have not alleged any facts justifying equitable tolling. He also fails to state a claim against EMC and Chase, because they are servicers and only a creditor or its assignee can be liable for TILA violations. 15 U.S.C. §§ 1640–41; *Chow v. Aegis Mortg. Corp.*, 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003). The Court therefore **DISMISSES** Plaintiff's TILA damages claim as against all Defendants.

In addition to his damages claim, Plaintiff also seeks rescission of his loan based on the alleged TILA violations. In a rescission action, the party seeking rescission must restore, or offer to restore, to the non-rescinding party all consideration received under the contract. *See* Cal. Civ. Code § 1691(b); *see also Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (Courts have the power to confirm that a borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits."). Plaintiff, however, has not done so. Nor has he demonstrated that he is capable of doing so. *Karlsen v. Amer. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 118 (1971) ("Simply put, if the offeror 'is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect").

For these reasons, The Court **DISMISSES without prejudice** Plaintiff's TILA claim as against all Defendants.

//

//

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 8].  The Amended Complaint is **DISMISSED without prejudice** as to the Moving Defendants, but claims still remain against Defendants EJ Mortgage and Southstar Funding. Plaintiff has twenty-one days from the filing of this order to file a Second Amended Complaint addressing the deficiencies described above.

**IT IS SO ORDERED.**

DATED:  May 17, 2010

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge